ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILWAY COMPANY
*v.* SCOTT.

Opinion delivered February 5, 1912.

1. RAILROADS—NEGLIGENCE—WHEN QUESTION FOR JURY.— Where train men saw three boys walking on the track a quarter of a mile ahead, and gave alarm signals to which the boys paid no attention, it was a question for the jury whether the trainmen were negligent in not stopping the trains before reaching them.   (Page 419.)

2. SAME—NEGLIGENCE—INSTRUCTION.—In an action against a railroad company for negligently running down and killing a deaf-mute child, an instruction that defendant was not liable unless the engineer realized that the deceased was unconscious of his peril was properly refused, as it was sufficient to render defendant liable if the engineer saw him and his conduct was sufficient to put the engineer on notice that he was unconscious of his danger.   (Page 420.)

3. SAME—NEGLIGENCE—INSTRUCTION.—It was not error to instruct the jury that "where an engineer sees a boy or boys upon the railroad track ahead of the train, and he sounds the whistle to warn them of the approach of the train, he has a right to presume, *until their acts indicated the contrary,* that they will heed said alarm and get off the track in time to prevent being struck by the train.   (Page 421.)

4. DEATH—CONSCIOUS SUFFERING—EXCESSIVE DAMAGES.—Where a boy fifteen years old had both legs so mangled that they had to be amputated, and was conscious for several hours, an award of $1,000 for pain and suffering was not excessive.   (Page 421.)

5. SAME—DEATH OF CHILD—EXCESSIVE DAMAGES.—An award of $1,000 for the negligent killing of a deaf-mute child fifteen years old, who was in good health and made a good farm hand was not excessive. (Page 422.)

Appeal from Conway Circuit Court; *Hugh Basham,* Judge; affirmed.

*W. E. Hemingway, Lovick P. Miles,* and *Thomas B. Pryor,* for appellants.

1.  A locomotive engineer has a right to presume that a person on the track will leave the track in time for an approaching train to pass. 77 Ark. 405; 90 Ark. 378-286.

2.  All persons are presumed to be in possession of their faculties, and the engineer had the right to presume that, when he sounded the danger signals, deceased and his companions would leave the track. The court therefore erred in refusing to give instructions 4 and 12, requested by appellant. 46 Ark. 523; 2 White, Personal Injuries on Railroads, § § 1085, 1890. The modification, "until the acts and conduct of the deceased indicated the contrary," inserted by the court, was erroneous in assuming as true a fact that was in issue. 71 Ark. 38; 76 Ark. 468.

3.  The verdict is clearly excessive.

*Bratton & Fraser* and *Sellers & Sellers*, for appellee.

1.  It is for the jury to determine from all the facts and circumstances in proof whether the engineer had good reason to believe that the injured person was insensible of his danger. An engineer can not shield himself behind the presumption that a person seen on the track will leave it in time to escape injury, after his appearance gives the engineer good reason to believe that he is insensible to the danger. 99 Ark. 422.

2.  There is no error in the fourth and twelfth instructions as modified. The objection that the modification assumes as true a fact in issue is not well founded; but if it were so, appellant, having made no specific objection thereto in the lower court, will not be permitted to raise the objection here. 76 Ark. 348; *Id.* 468, 471; 66 Ark. 46; 65 Ark. 255.

3.  The verdict is not excessive. 59 Ark. 224; 84 Ark. 247.

McCulloch, C. J.  Plaintiff's intestate, Homer Scott, was a deaf and dumb boy, fifteen years of age, and was run over and killed by one of defendant's trains while he and two deaf-mute companions, about the same age, were walking the track near McAlmont, a station on the road six or seven miles north of Little Rock. The plaintiff is the father of Homer Scott, and sues as administrator to recover damages to the estate on account of the pain and suffering endured by deceased, and also damages to himself on account of the loss of services of deceased to which he was entitled as parent. A trial resulted

in a verdict for the plaintiff, assessing damages at $1,000 on each branch of the case, and defendant appealed.

The three boys were students at the Deaf-Mute Institute near the city of Little Rock, and on the afternoon of the accident, they crossed the river on the railroad bridge and walked northward on the track until they got nearly to McAlmont, where the accident occurred. The two survivors testified through an interpreter, and gave an account of the way the accident occurred. According to their testimony, they walked along the track, and once or twice got off to avoid approaching trains coming from the north. At the time of the accident they were walking along the track, one of the boys walking on the ends of the ties on the outside of the rail; Homer Scott was walking the right-hand rail, with his hand resting on the shoulder of the other boy; and the third one was walking the ends of the ties on the other side of the track. The testimony tends to show that the boys were conversing by signs as they walked along. A passenger train approached from the south, and the boys were seen both by the fireman and engineer for perhaps something more than a quarter of a mile. The whistle was sounded for the crossing several hundred yards distant, and the fireman continued to ring the bell. Another witness, who was near the track at the time, stated that alarm whistles were commenced about three hundred yards from where the boy was struck. Neither of them gave any indication of having heard the alarm, and when the engine got within a short distance of them, the emergency brake was applied, but too late to prevent striking this boy. The other two, who were walking on the ends of the ties, stepped aside in time to escape injury. The engineer testified that he saw the boys for a considerable distance, but didn't know there was anything the matter with them nor that they were unconscious of the approach of the train, and that he thought they would get off before the engine reached them. He testified that, as soon as he realized that they were not going to get off, he applied the emergency brake and did all he could to stop the engine.

The action is based upon alleged negligence of the engineer in failing to exercise care to avoid striking deceased after discovering his peril. It is insisted that the evidence is not sufficient to warrant the finding that the engineer discovered, in

time to avoid the injury, the fact that the boys were unconscious of the approach'ng train. The testimony does not free the question from doubt, but we are of the opinion that, under the facts of the case, it was peculiarly w:thin the province of the jury to determ'ne whether the engineer was guilty of negligence in this respect. It is conceded that he saw the boys at least a quarter of a mile, walking along the track, and that alarms, both by bell and whistle, were given about that time. The boys paid no attention to these alarms, and gave no indication whatever that they heard them. It was within the province of the jury to apply their practical knowledge to the facts and draw the legitimate inference that failure of these boys to respond to the signals, by stepping off the track or even looking around, so as to show that they had heard the signals, was sufficient to apprise the engineer of their perilous situation. The engineer stated that it was a common occurrence for boys, or even men, to remain on the track after signal was given, and not step off until the last moment. But still this does not prevent the jury from applying their knowledge of human affairs, to say that the boys would, at least have given some indication of having heard the signals, and that their failure to do so was sufficient to apprise the engineer of the fact that they had not heard them. While the testimony presents a very close question at issue, we are of the opinion that it was sufficient to warrant the jury in drawing an inference of fact which sustains the verdict, and we do not feel at liberty to disturb it.

The recent case of *Memphis, D. & G. Rd. Co.* v. *Buckley*, 99 Ark. 422, is quite in point upon this question.

Error is assigned in the court's refusal to give the following instructions:

"XI. The court instructs you as a matter of law that it is not sufficient to warrant you in returning a verdict against the defendant in this case for you to merely find from the evidence that the engineer might have known that the deceased did not hear the whistles or alarms that were sounded, or might have known that deceased was not going to leave the track. The evidence, under the law, before the plaintiff can recover, must go further and show by a preponderance thereof that the engineer actually realized that the deceased was afflicted; that he could not hear, and that he was not going to leave the track,

and that with this knowledge the engineer failed to exercise ordinary care to prevent striking and injuring the deceased."

This instruction was properly refused, for it is not correct to say that, before negligence can be attributed, under the circumstances of this case, the engineer must have actually realized that the deceased was unconscious of his peril. It was sufficient if the engineer saw him and his conduct or appearance was sufficient to put the engineer on notice that he was unconscious of the danger. The law of the case has been stated in a former opinion of this court as follows:

"If, however, the man seen upon the track is known to be, or from his appearance gives them good reason to believe that he is, insane or badly intoxicated, or otherwise insensible of danger or unable to avoid it, they have no right to presume that he will get out of the way, but should act upon the hypothesis that he might not or would not, and should use a proper degree of care to avoid injuring or killing him. Failing in this, the railroad company would be responsible for damages, if by the use of such care, after becoming aware of his negligence, they could have avoided injuring him." *St. Louis, I. M. & S. Ry. Co.* v. *Wilkerson*, 46 Ark. 523.

The defendant requested the following instruction, which the court modified by inserting the italicised words, which modification is assigned as error:

"XII. The court charges you that where an engineer sees a boy or boys upon the railroad track ahead of the train, and that he sounds the whistle to warn them of the approach of the train, that he has a right to presume, *until their acts indicated the contrary*, that they will heed said alarm and get off the track in time to prevent being struck by the train."

The modification was entirely correct, we think, for the reasons already stated. Nor do we think there is any ground for contention that the modification of this instruction, or another one, which was also modified in the same manner, amounted to an assumption of the truth of the facts recited. Other refused instructions were substantially covered by instructions which the court gave. In fact, we are of the opinion that the law of the case was properly given to the jury, and that there is no error in this respect.

It is finally contended that the verdict is excessive. The

injury occurred about 5 o'clock in the afternoon, and both of the boy's legs were so badly mangled that they had to be amputated, which was done after he was brought back to Little Rock about 9 o'clock that night. There is evidence that the boy was conscious for a considerable portion of that time, first, for awhile after the injury occurred, and, then, when he was aroused at the hospital.

On the other branch of the case, the testimony shows that the deceased was a bright, intelligent boy, and that he had an earning capacity on his father's farm of about a dollar a day at that time. He had been in the Deaf-Mute Institute three years, and worked for his father about four months each year during the summer vacation. He was in good health, and made a good farm hand. The evidence fully warranted the conclusion that the boy would grow in strength and intellect from year to year, and that his earning capacity would be increased. Considering all the facts of the case, we are unable to say that the verdict was excessive on either branch of the case, so the judgment is affirmed.